UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:09-cv-0307 OWW SMS |
| | ) | |
| Plaintiff, | ) | ORDER AFTER SCHEDULING |
| | ) | CONFERENCE |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 14883 | ) | |
| JOHNSON DRIVE, OROSI, | ) | |
| CALIFORNIA; TULARE COUNTY APNs: | ) | |
| 035-260-007-000 and 035-260-010- | ) | |
| 000 (PARCEL 2) and PAN: 035-260- | ) | |
| 012 (PARCEL 3), INCLUDING ALL | ) | |
| APPURTENANCES AND IMPROVEMENTS | ) | |
| THERETO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

I.   Date of Scheduling Conference.

    August 7, 2009.

II.  Appearances Of Counsel.

    Deanna L. Martinez, Esq., Assistant United States Attorney,

appeared on behalf of Plaintiff.

     Eric H. Schweitzer, Esq., appeared on behalf of Claimant

Patsy Willmore.

III.  Summary of Pleadings.

      1.   This is an *in rem* civil forfeiture action.  In its

1

1  Verified Complaint for Forfeiture *In Rem*, the government alleges

2  that the real property located at 14883 Johnson Drive, Orosi,

3  California, Tulare County, APNs: 035-260-007-000 and 035-260-010-

4  000 (Parcel 2) and APN: 035-260-012 (Parcel 3), including all

5  appurtenances and improvements thereto (hereafter "defendant real

6  property") was used, or intended to be used, in any manner or

7  part, to commit, or to facilitate the commission of, a violation

8  of 21 U.S.C. § 841 *et seq.*, an offense punishable by more than

9  one year's imprisonment and is therefore subject to forfeiture to

10  the United States pursuant to 21 U.S.C. § 881(a)(7).  The

11  defendant real property was posted with a copy of the Complaint

12  and Notice of Complaint on March 18, 2009.

13      2.    Perry Lee Willmore and Gaeney Marie Willmore own the

14  defendant real property and on October 23, 2008, were indicted

15  with violations of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)

16  - Conspiracy to Manufacture and Distribute Marijuana and

17  Manufacturing Marijuana.

18      3.    Notice of the civil forfeiture was posted on the

19  official government internet site **www.forfeiture.gov** for at least

20  30 consecutive days, beginning on April 18, 2009, pursuant to the

21  Order of Publication filed February 20, 2009.

22      4.    On April 10, 2009, Patsy Willmore filed an answer to

23  the government's complaint, however, no claim has been filed.

24      5.    On or about March 19, 2009, a copy of the Verified

25  Complaint, Notice of Complaint, Application and Order for

26  Publication, Lis Pendens, Lis Pendens, Order Setting Mandatory

27  Scheduling Conference, Standing Order, Notice of Availability of

28  a Magistrate Judge, Notice of Availability of Voluntary Dispute

1  Resolution, and notice of forfeiture letter dated February 19,

2  2009, were personally served on Perry Lee Willmore.

3      6.    On or about May 14, 2009, Gaeney Marie Willmore was

4  served with the above-listed documents through her counsel Eric

5  H. Schweitzer, who agreed to accept service on her behalf.

6      7.    As of the date of the filing of this report, neither

7  Perry Lee Willmore, Gaeney Marie Willmore, nor any other

8  potential claimants have filed claims or answers or otherwise

9  appeared in this action and the time to file a claim and answer

10  has expired.

11      8.    On February 27, 2009, Alastair Fraser and Loretta

12  Fraser filed an action for reformation of Deeds of Trust recorded

13  May 12, 2006, as Document Numbers 2006-0049929, 2006-0049930, and

14  2006-0049931 in Tulare County Superior Court against Perry Lee

15  Willmore, Gaeney Marie Willmore, and the United States.  On May

16  5, 2009, the United States removed the action from the Tulare

17  Superior Court to Federal District Court as it is an action

18  affecting property on which the United States has a lien.

19  IV.   Orders Re Amendments To Pleadings.

20      1.    The parties do not anticipate amending the pleadings at

21  this time.

22  V.    Factual Summary.

23      A.   Admitted Facts Which Are Deemed Proven Without Further

24  Proceedings.

25      1.    It is uncontested that the government filed a

26  Verified Complaint for Forfeiture *In Rem* on February 18, 2009,

27  and that the defendant real property was posted with notice of

28  the complaint on March 18, 2009.

3

1       2.  Patsy Willmore, an individual, claims an interest
2 in the disputed real property.  Patsy Willmore is not a Defendant
3 in the underlying criminal case.

4       3.  There is a dispute pending in the Superior Court,
5 County of Tulare, concerning the description of the Defendant
6 real property and whether and to what extent it may be
7 encumbered.

8       4.  The government agrees to be bound by the outcome
9 in the State Court proceedings concerning the legal description
10 of the property and the extent to which it is encumbered.

11   B.  Contested Facts.

12       1.  Plaintiff contends the facts are as alleged in its
13 Verified Complaint.

14       2.  Patsy Willmore contends that she innocently
15 purchased an undivided share in the subject real property for
16 $100,000.00 and that she is therefore an innocent owner.

17 VI.  Legal Issues.

18   A.  Uncontested.

19       1.  Jurisdiction exists under 28 U.S.C. §§ 1331, 1345
20 and 1355.  Also 21 U.S.C. § 881.

21       2.  Venue is proper under 28 U.S.C. § 1395.

22       3.  Federal law governs the forfeiture issues.  The
23 underlying nature and extent of the interest in the real
24 property, its legal description and the like, are covered by
25 state law.  The law of California provides the substantive rule
26 of decision as to those issues.

27   B.  Contested.

28       1.  The remaining legal issues are contested.

1  VII. Consent to Magistrate Judge Jurisdiction.

2      1.    The parties have not consented to transfer the

3  case to the Magistrate Judge for all purposes, including trial.

4  VIII.      Corporate Identification Statement.

5      1.    Any nongovernmental corporate party to any action in

6  this court shall file a statement identifying all its parent

7  corporations and listing any entity that owns 10% or more of the

8  party's equity securities.  A party shall file the statement with

9  its initial pleading filed in this court and shall supplement the

10 statement within a reasonable time of any change in the

11 information.

12 IX.  Discovery Plan and Cut-Off Date.

13     1.    The parties will not conduct discovery, nor will this

14 action proceed until resolution of the underlying criminal case.

15     2.    At the time the criminal cases are resolved, the

16 parties shall notify the Court to schedule a Further Scheduling

17 Conference within ten (10) days following resolution of the

18 criminal case.

19 X.   Related Matters Pending.

20     1.    This action is related to the criminal action *United*

21 *States v. Perry Lee Willmore, et al.*, 1:08-cr-0374 OWW and is

22 pending before Honorable Oliver W. Wanger.

23     2.    This action is also related to the reformation action

24 *Alastair Fraser, et al. v. Perry Lee Willmore, et al.*, 1:09-cv-

25 0805 OWW GSA, and is pending an initial scheduling conference set

26 for August 27, 2009, at 8:15 a.m. in Courtroom 3 before Honorable

27 Oliver W. Wanger.

28     3.    The parties request that this matter be stayed pending

5

1  the resolution of the criminal and reformation actions.

2  XI.  Judgment in the Case.

3      1.   For the purposes of final judgment, the parties agree

4  that that shall mean entry of final judgment in the trial court.

5  XII. Compliance With Federal Procedure.

6      1.   The Court requires compliance with the Federal

7  Rules of Civil Procedure and the Local Rules of Practice for the

8  Eastern District of California.  To aid the court in the

9  efficient administration of this case, all counsel are directed

10  to familiarize themselves with the Federal Rules of Civil

11  Procedure and the Local Rules of Practice of the Eastern District

12  of California, and keep abreast of any amendments thereto.

13  XIII.      Effect Of This Order.

14      1.   The foregoing order represents the best

15  estimate of the court and counsel as to the agenda most suitable

16  to bring this case to resolution.  The trial date reserved is

17  specifically reserved for this case.  If the parties determine at

18  any time that the schedule outlined in this order cannot be met,

19  counsel are ordered to notify the court immediately of that fact

20  so that adjustments may be made, either by stipulation or by

21  subsequent scheduling conference.

22      2.   Stipulations extending the deadlines contained

23  herein will not be considered unless they are accompanied by

24  affidavits or declarations, and where appropriate attached

25  exhibits, which establish good cause for granting the relief

26  requested.

27  ///

28  ///

6

1    3.    Failure to comply with this order may result in

2  the imposition of sanctions.

3

4  IT IS SO ORDERED.

5  Dated:   **August 10, 2009**              **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7