BENJAMIN B. WAGNER
United States Attorney
KELLI L. TAYLOR
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 14883 JOHNSON DRIVE, OROSI, CALIFORNIA, TULARE COUNTY, APNs: 035-260-007-000 and 035-260-010-000 (PARCEL 2) and APN: 035-260-012 (PARCEL 3), INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　Defendant. | 1:09-CV-00307-OWW-SMS<br><br>**FINAL JUDGMENT OF FORFEITURE** |

　　　　Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

　　　　1.　　This is a civil forfeiture action against certain real property located at 14883 Johnson Drive, Orosi, California, Tulare County, APNs: 035-260-007-000 and 035-260-010-000 (Parcel 2) and APN: 035-260-012 (Parcel 3) (hereafter "defendant real property") and more particularly described in Exhibit A, attached hereto and incorporated herein by reference.

　　　　2.　　A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on February 18, 2009, seeking the forfeiture of the defendant real property alleging that said real property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

///

3. On March 18, 2009, the defendant real property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on April 18, 2009, for at least 30 consecutive days, the United States published notice of this action on the official government forfeiture site www.forfeiture.gov.

5. In addition to public notice of the action on the official internet government forfeiture site www.forfeiture.gov, the government gave actual notice, or made reasonable efforts to give actual notice to the following individuals:

    a. Perry Lee Willmore

    b. Gaeney Marie Willmore

    c. Eric H. Schweitzer

    d. Patsy Willmore

6. On April 10, 2009, Patsy Willmore filed an answer to the complaint alleging to be an innocent owner/investor. On or about January 15, 2010, Patsy Willmore moved the Court to withdraw her answer. The Court ordered her answer withdrawn on January 21, 2010. No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

7. On or about May 5, 2009, Alistair Frasier and Loretta Fraser commenced a reformation action against Perry Lee Willmore and Gaeney Marie Willmore as *Fraser v. United States, et al.*, Tulare Superior Court Case No. 09-231694. The reformation action resolved with a settlement agreement between the parties which then encumbered Parcel 2 of the defendant real property (i.e., APNs: 035-260-007-000 and 035-260-010-000). Subsequent to the reformation action, the Frasers initiated a foreclosure action resulting in a trustee's sale of Parcel 2 on or about May 5, 2010. It was determined through the course of the reformation action that the lien against Parcel 3 (i.e., APN: 035-260-012) was satisfied by the Willmores and not subject to foreclosure.

8. The recorded owners of the defendant real property are Perry Lee Willmore and Gaeney Marie Willmore, husband and wife, as community property.

9. As part of his plea agreement in *U.S. v. Perry Lee Willmore, et al.*, Case No. 1:08-CR-00374-OWW, Perry Lee Willmore agreed to forfeit all of his right, title, and interest in the defendant

real property.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

11. Judgment is hereby entered against Perry Lee Willmore, Gaeney Marie Willmore, Patsy Willmore, and all other potential claimants who have not filed claims in this action.

12. All right, title, and interest of Perry Lee Willmore and Gaeney Marie Willmore in the defendant real property located at 14883 Johnson Drive, Orosi, California, Tulare County, APN: 035-260-012 (Parcel 3) shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

13. The United States Marshals Service (or a designee) shall list Parcel 3 of the defendant real property for sale. The United States Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of Parcel 3 of the defendant real property.

14. The United States Marshals Service shall have Parcel 3 of the defendant real property appraised by a licensed appraiser of its choosing. The United States Marshals Service and the appraiser may have access to Parcel 3 of the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

15. If necessary, the United States Marshals Service, and any real estate broker employed by the United States Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of Parcel 3 of the defendant real property.

16. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    (a) The costs incurred by the United States Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    (b) Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

FINAL JUDGMENT OF FORFEITURE     3

      (c)    A real estate commission not to exceed the United States Marshals Service's contractual brokerage fee.

      (d)    The seller shall pay any county transfer taxes.

      (e)    To the United States of America: the net proceeds from the sale of Parcel 3 of the defendant real property. All right, title, and interest in said funds shall be substituted for Parcel 3 of the defendant real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

17. Any liens or encumbrances against Parcel 3 of the defendant real property that appear on record subsequent to the recording of plaintiff's *lis pendens* on February 24, 2009, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

18. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

19. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real property.

20. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

21. The United States and its servants, agents, and employees and all other public entities, their servants ,agents, and employees, are released from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

22. Pursuant to the stipulations of the parties, and allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed February 18, 2009, the Court finds that there was reasonable cause for the posting of the defendant real property, and for the commencement and prosecution of this forfeiture action, and the Court may enter a Certificate of Reasonable Cause pursuant to 28

U.S.C. § 2465.

23. All parties are to bear their own costs and attorneys' fees, except as provided for herein.

24. Pending the sale of Parcel 3 of the defendant real property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 19th day of November, 2010.

   /s/ OLIVER W WANGER
OLIVER W. WANGER
United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed February 18, 2009, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property, and the commencement and prosecution of this forfeiture action.

Dated: 11/19/2010     /s/ OLIVER W. WANGER
OLIVER W. WANGER
United States District Judge

| | |
|---|---|
| 1 | **EXHIBIT 'A'** |
| 2 | THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF TULARE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS: |
| 3 | |
| 4 | **PARCEL 2:** |
| 5 | Being a portion of Section 34,, Township 15 South, Range 25 East, and Section 3, Township 16 South, Range 25 East, Mount Diablo Base and Meridian, described as follows: |
| 6 | Commencing at the Northeast corner of Parcel 2 of Parcel Map No. 859 as per Map recorded in Book 9 Page 60 of Maps, Tulare County Records, this being on the Southerly right of way of County Road D-156, thence North 00° 43' 40" East along an East line of said Parcel 1 a distance of 5.02 feet; thence South 84° 48' 35" East a distance of 13.04 fee; thence North 81° 07' 06" East a distance of 168.76 feet to the True Point of Beginning; thence continuing North 81° 07' 06" East a distance of 63.30 feet; thence North 84° 53' 58" East a distance of 73.87 feet; thence leaving said Southerly right of way, South 00° 54' 02" West a distance of 188.14 feet; thence South 36° 34' 53" East a distance of 44.11 feet; thence South 08° 33' 23" East a distance of 161.93 feet; thence South 86° 56' 25" East a distance of 115.05 fee; thence South 63° 52' 00" East a distance of 100.34 feet; thence South 71° 29' 24" East a distance of 170.22 feet; thence South 80° 56' 40" East a distance of 118.42 feet; thence South 58° 24' 06" East a distance of 83.19 feet; thence South 27° 46' 20" East a distance of 121.60 feet; thence South 39° 17' 15" East a distance of 144.51 feet; thence South 60° 31' 22" East a distance of 58.23 feet; thence North 86° 52' 14" East a distance of 72.67 feet; thence North 69° 59' 00" East a distance of 102.21 feet; thence South 82° 45' 3" East a distance of 137.46 feet; thence South 75° 12' 15" East a distance of 114.40 feet; thence South 65° 19' 26" East a distance of 140.90 feet; thence South 52° 53' 37" East a distance of 50.04 feet; thence South 31° 29' 50" East a distance of 59.53 feet; thence South 79° 03' 00" West a distance of 90.88 feet; thence South 07° 59' 02" East a distance of 210.56 feet; thence South 48° 45' 58" East a distance of 60.03 fee; thence North 82° 21' 37" East a distance of 36.74 feet; thence North 88° 44' 50" East a distance of 177.41 feet; thence North 79° 17' 11" East a distance of 199.52 feet; thence South 00° 13' 51" West a distance of 38.76 feet; thence South 00° 51' 33" West a distance of 435.10 feet; thence South 82° 47' 18" West a distance of 121.38 feet; thence South 74° 43' 58" West a distance of 290.26 feet; thence South 83° 04' 50" West a distance of 136.74 feet; thence North 89° 12' 35" West a distance of 379.44 feet; thence North 01° 28' 24" East a distance of 352.35 feet; thence North 08° 55' 09" West a distance of 316.50 feet; thence North 82° 56' 39" West a distance of 374.27 feet; thence North 75° 31' 46" West a distance of 102.42 feet; thence North 30° 20' 32" West a distance of 625.27 feet; thence North 79° 58' 41" West a distance of 157.28 feet; thence South 15° 00' 22" West a distance of 387.40 feet; thence South 20° 53' 03" West a distance of 302.96 feet; thence South 26° 43' 52" West a distance of 100.58 feet; thence South 61° 30' 11" West a distance of 226.15 feet; thence North 87° 13' 12" West a distance of 101.79 feet; thence North 85° 59' 05" West a distance of 201.92 feet; thence continuing North 85○ 59' 05" West along the centerline of an existing dirt agricultural road a distance of 14.34 feet; thence along said centerline the following courses, North 03○ 08' 30 West a distance of 99.33 feet; thence North 21○ 57' 48" West a distance of 162.85 fee; thence North 02○ 26' 48" West a distance of 264.18 feet; thence North 36○38' 51" West a distance of 103.86 feet; thence north 63○ 44' 26" West a distance of 215.46 feet; thence North 00○ 04' 55" West a distance of 362.88 feet; thence North 36○ 26' 49" West a distance of 46.03 feet; thence North 61○ 33' 57" West a distance of 47.02 feet to the North line of the Northeast quarter of the Northwest quarter of said Section 3 and the centerline of Avenue 432; thence along said North line leaving said centerline South 88○ 54' 12" East a distance of 415.78 feet to the North quarter corner of said Section 3; thence South 00○ 02' 02" East a distance of 572.71 feet; thence South 89○ 16' 23" East a distance of 456.90 feet to a fence line, thence along said fence line the following courses, North 37○ 46' 24" East a distance of 139.00 feet; thence North 22○ 58' 05" East a distance of 103.58; thence North 18○ 10' 23" East a distance of 117.16 feet; thence North 66○ 36' 14" East a distance of 51.19 feet; thence leaving said fence line North 08○ 33' 28" East a distance of 161.80 feet; thence North 36○ 34' 53" East a distance of 44.11 feet; thence North 00○ 54' 02" West a distance of 196.12 feet to the Southerly right of way of County Road D-156 and the |

1  True Point of Beginning.

2  EXCEPTION THEREFROM the Northeast quarter of the Northwest quarter of said Section 3, all oil, gas and minerals, and other hydrocarbon substances in and under said land, together with the right to enter upon said property for the development of same, as reserved by Catherine M. Green, formerly Catherine M. Wilcox, and Mary Ella Hudson, dealing with their separate property, in Deed recorded February 27, 1959 in Book 2108 Page 293 of Official Records.

APN: 035-260-007 and 010

**PARCEL 3:**

Being a portion of Parcel 1 of Parcel Map No. 859 as per Map recorded in Book 9 of Parcel Maps at Page 60, in the office of the Tulare County Recorder, situated in the Southeast quarter of Section 34, Township 15 South, Range 25 East, and Section 3, Township 16 South, Range 25 East, Mount Diablo Base and Meridian, described as follows:

Commencing at the Northeast corner of Parcel 2 of Parcel Map No. 859, this being on the Southerly right of way of County Road D-156, thence North 00° 43' 40" East along the Northerly extension of the East line of said Parcel 2 a distance of 5.02 feet; thence South 84° 48' 35" East a distance of 13.04 feet; thence North 81° 07' 06" East a distance of 232.06 feet; thence North 84° 53' 58" East a distance of 73.78 feet to the True Point of Beginning, thence continuing North 84° 53' 58" East a distance of 1005.59 feet; thence South 71° 02' 26" East a distance of 194.87 feet; thence South 82° 54' 11" East a distance of 330.98 feet; thence South 49° 09' 37" East a distance of 58.52 feet; thence leaving said Southerly right of way South 00° 28' 23" West a distance of 277.68 feet; thence South 47° 58' 14" East a distance of 348.89 feet; thence South 00° 35' 00" West a distance of 487.30 feet; thence South 00° 13' 51" West a distance of 113.62 feet; thence South 79° 17' 11" West a distance of 199.52 feet; thence South 88° 44' 50" West a distance of 177.41 feet; thence South 82° 21' 37" West a distance of 36.74 feet; thence North 48° 45' 58" West a distance of 60.03 feet; thence North 07° 59' 02" West a distance of 210.56 feet; thence North 79° 03' 00" East a distance of 90.88 feet; thence North 31° 29' 50" West a distance of 59.53 feet; thence North 52° 53' 37" West a distance of 50.04 feet; thence North 65° 19' 26" West a distance of 140.90 feet; thence North 75° 12' 15" West a distance of 114.40 feet; thence North 82° 45' 37" West a distance of 137.46 feet; thence South 69° 59' 00" West a distance of 102.21 feet; thence South 86° 52' 14" West a distance of 72.67 feet; thence North 60° 31' 22" West a distance of 58.23 feet; thence North 39° 17' 15" West a distance of 144.51 feet; thence North 27° 46' 20" West a distance of 121.60 feet; thence North 58° 24' 06" West a distance of 83.19 feet; thence North 80° 56' 40" West a distance of 118.42 feet; thence North 71° 29' 24" West a distance of 170.22 feet; thence North 63° 52' 00" West a distance of 100.34 feet; thence North 86° 56' 25" West a distance of 115.05 feet; thence North 08° 33' 28" West a distance of 161.93 feet; thence North 36° 34' 53" West a distance of 44.11 feet; thence North 00° 54' 02" East a distance of 188.14 feet to the True Point of Beginning.

APN: 035-260-012